09-1796-cr
United States v. Hansen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand and ten.

Present:
>       JOSEPH M. McLAUGHLIN,
>               *Circuit Judge*,
>       DENNY CHIN,*
>               *District Judge*.**

_____

UNITED STATES,

                                                                *Appellee*,

                 -v-                                            (09-1796-cr)

BASIL HANSEN,

                                                                *Defendant-Appellant*.

_____

Appearing for Appellant:      Randall D. Unger,  Bayside, N.Y.

---

* The Honorable Denny Chin, United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Rosemary S. Pooler, originally a member of the panel, did not participate in consideration of this appeal.  The two remaining members of the panel, who are in agreement, have determined the matter.  *See* 28 U.S.C. § 46(d); 2d Cir. Internal Operating Procedure E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Appearing for Appellee: Jacquelyn M. Rasulo, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York (Emily Berger, *on the brief*)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Hansen was convicted of six drug offenses, including conspiracy to import heroin and cocaine, in violation of 21 U.S.C. §§ 960 and 963, and conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841 and 846. He argues on appeal that the district court erred by allowing the Government to introduce "other act" evidence, and that the jury's inadvertent exposure to extra-record evidence deprived him of his right to a fair trial. We assume the parties' familiarity with the case.

Hansen's argument that the district court abused its discretion by allowing his co-conspirator to testify about their relationship prior to the conspiracy is without merit. We evaluate the admission of "other act" evidence based on an "inclusionary approach," upholding the admission of such evidence "for any purpose other than to show a defendant's criminal propensity." *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006); *see also United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). "[O]ne legitimate purpose for presenting evidence of extrinsic acts is to explain how a criminal relationship developed; this sort of proof furnishes admissible background information in a conspiracy case." *United States v. Pipola*, 83 F.3d 556, 566 (2d Cir. 1996).

Here, in granting the Government's motion to admit his co-conspirator's testimony, the court noted that, "[a]t the very least, this testimony is properly admissible to allow the jury to get a feel for the nature of the relationship between Mr. Hansen and [the witness]." This was a

2

proper purpose that provided relevant background information. *See id.* The court also provided a limiting instruction to the jury, explaining that the testimony was only being admitted "to the extent it sheds light on the nature of the relationship between the defendant on trial and this witness who is testifying against him." This instruction sufficiently cabined any possible prejudice. *See United States v. Araujo*, 79 F.3d 7, 8 (2d Cir. 1996).

Also without merit is Hansen's argument that the jury's inadvertent exposure to extra-record evidence deprived him of his right to a fair trial. "[A] criminal defendant's Sixth Amendment rights are implicated when a jury considers incriminating evidence that was not admitted at trial." *Loliscio v. Goord*, 263 F.3d 178, 185 (2d Cir. 2001). "[E]xtra-record information that comes to the attention of a juror is presumptively prejudicial." *United States v. Wiley*, 846 F.2d 150, 157 (2d Cir. 1988) (internal quotation marks omitted). However, this presumption may be rebutted by a showing that the jury's exposure to extra-record information was harmless. *Bibbins v. Dalsheim*, 21 F.3d 13, 16 (2d Cir. 1994). Importantly, the trial judge's conclusions regarding the effect of the extra-record evidence on the jury are entitled to substantial weight. *See United States v. Weiss*, 752 F.2d 777, 783 & n.2 (2d Cir. 1985).

Here, the introduction of extra-record evidence was not prejudicial because there was no indication that the jury actually considered it. The district court explicitly credited the jurors' statements that they had not looked at the extra-record evidence. This finding, which is entitled to substantial weight, is sufficient to defeat the presumption of prejudice. *See id.*

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3